**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**CASE NO. 5:06-CV-208-R**

**DYNALECTRIC COMPANY**                                                                 **PLAINTIFF**

v.

**WHITTENBERG CONSTRUCTION COMPANY,**
**LUTHER F. CARSON FOUR RIVERS CENTER, INC.,**
**and RAY BLACK & SON, INC.**                                                        **DEFENDANTS**

**Opinion and Order**

This matter is before the Court on a Motion to Dismiss filed by Defendant Ray Black & Son, Inc ("Black"). Fully briefed, this matter is ripe for decision. Black's Motion to dismiss is GRANTED in part and DENIED in part [DN 6].

**I. Facts**

Defendant Luther F. Carson Four Rivers Center, Inc. ("Four Rivers"), is the owner of a recently constructed fine arts facility in Paducah, Kentucky. When the building project was underway, Four Rivers contracted with Whittenberg Construction Company ("Whittenberg") to have Whittenberg serve as general contractor on the project. As the general contractor on the project, Whittenberg contracted with Plaintiff Dynalectric for electrical contracting work. Four Rivers contracted with Defendant Black to serve as a construction manager. Dynalectric alleges that Black was an agent for Four Rivers throughout the construction process.

At the heart of Dynalectric's claims are allegations that the Defendants caused Dynalectric's work to take longer and cost more than anticipated, and that Dynalectric has not been fully compensated for work that it completed. Black contends that Dynalectric's claims in Count II of the complaint for negligent design and negligent administration are not viable and it requests to be dismissed from the action.

## II. Standard of Review

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief. Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion based on disbelief of a complaint's factual allegations. Wright v. MetroHealth Medical Center, 58 F.3d 1130, 1138 (6th Cir. 1995). A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994).

This standard of review requires "that a plaintiff plead more than bare legal conclusions." Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996). The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Gazette, 41 F.3d at 1064. "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." Lillard, 76 F.3d at 726. In deciding a motion to

2

dismiss, the Court "may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken." Hirsch v. Arthur Anderson & Co., 72 F.3d 1085, 1092 (2d Cir. 1995).

### III. Discussion

Black contends that the only allegations against it are found in Count II of the Complaint. But Count I claims that "[a]s a direct and proximate result of intentional or negligent information or representations by Whittenberg, Four Rivers and/or Black, Dynalectric has been economically harmed." Black is not mentioned in the caption for Count I, but under the standards of notice pleading the Court believes Black has been fairly informed of Dynalectric's claim against it based on negligent representation. Thus, for purposes of this opinion, both Count I and Count II will be considered as claims against Black. Black's arguments in favor of dismissal will now be discussed.

**A. Statute of Limitations**

Black asserts that the claims against it should be dismissed because there is a one year statute of limitations on the claims brought against it. KRS § 413.245 provides that a civil action arising out of the rendering of "professional services" must be brought within one year of the date of the occurrence. The threshold issue is whether the services provided by Black were "professional services."

Professional services are defined as "any service rendered in a profession required to be licensed, administered and regulated as professions in the Commonwealth of Kentucky." KRS § 413.243. Kentucky statutes require architects to be licensed in order to practice in

3

Kentucky. KRS § 323.020. The Kentucky Court of Appeals has held that an architect performing services "consistent with his profession" is a professional, and a cause of action against an architect is covered by the one year statute of limitations. Old Mason's Home of Kentucky, Inc. v. Mitchell, 892 S.W.2d 304, 306 (Ky. App. 1995).

Black asserts that because it was retained for its expertise in the construction process, its services were professional and the statute of limitations is applicable. Dynalectric argues that Black has failed to show that it was "licensed, administered and regulated." Therefore, Dynalectric submits, Black's services were not professional services within the Kentucky statute and the statute of limitations does not apply. The facts of this case are distinguishable from the facts in Old Mason's Home, where the disputed services were provided by a licensed architect. Old Mason's Home, 892 S.W.2d 304. Here, nothing contained in the pleadings indicates that Black–which is not an architectural firm–is licensed, administered, or regulated as a professional. While Black may be a construction expert, Black is not licensed, administered, or regulated and does not provide professional services as defined by KRS 413.243. Thus, the one year statute of limitations for suits arising from professional services rendered does not apply.

### B. Claims of Negligence

Having determined that the statute of limitations for professional services does not preclude the claims against Black, the Court will now address whether Dynalectric's claims of negligence are claims for which relief may be granted. As stated above, the claims alleged

in both Counts I and II will be addressed. Count II will first be discussed, followed by Count I.

### 1. Count II–Negligent Design and Administration

Count II of the Complaint alleges that the "negligence and/or negligent design and negative administration" by Black caused Dynalectric economic harm. Black asserts that this is a claim sounding in contract law and is not cognizable as a tort action. Dynalectric does not directly counter that assertion, but argues that Black, as an agent of Four Rivers, may be liable for its own torts.

The Complaint alleges that the contract between the general contractor and Dynalectric stated that Black is an agent for Four Rivers. Dynalectric asserts both the negligent design and negative administration of Black caused economic harm. The issue thus becomes whether this is a claim that sounds in contract or in tort. If a claim is based on contract law, there must be contractual privity for the claim to proceed. Sexton v. Taylor County, 692 S.W.2d 808, 810 (Ky. App. 1985).

The Kentucky Supreme Court addressed a similar factual scenario in Presnell Construction Managers, Inc. V. EH Construction, LLC, 134 S.W.3d 575 (Ky. 2004). In Presnell, a contractor filed suit against a construction manager based upon the construction manager's negligent supervision of a project which caused the contractor economic harm. Id. at 576. The contractor, however, had no contract with the construction manager. The contractor contracted only with the project owner, and the contract did not create a duty to the contractor on behalf of the construction manager. Id. The Court found that the "claim

5

for negligent supervision of the Project does not articulate a claim that is independent of [the construction manager]'s contractual duties. Id. at 582-83. Thus, the claim was dismissed because it was not a claim properly based in tort, and contractual privity was necessary to allow such a claim to proceed. Here, contractual privity exists only between Dynalectric and Whittenberg. There is not a contract that creates privity between Dynalectric and Black.

The claims alleged in Presnell were of negligent supervision. Here, the claims against Black listed in Count II are those of negligent design and negative administration. The Court finds these claims of negligent design and administration to be substantially similar to those labeled as negligent supervision in Presnell. Under the standard of Presnell, where the claims of negligent supervision were not allowed to proceed because of the lack of contractual privity between plaintiff and defendant, this Court holds that the claims of negligent design and negative administration against Black may not proceed.

The Plaintiffs argue that because Black was an agent of Whittenberg, Black may be held responsible for its own tortious actions. Nonetheless, an allegation of negligent design and administration is not an independent tort claim, but is a claim based in contract. The matter of agency is irrelevant, for a contract claim requires privity between parties. Sexton v. Taylor County, 692 S.W.2d 808, 810 (Ky. App. 1985).

### 2. Count I–Negligent Representation

In addition to the Count II claims of negligent design and negative administration, Count I alleges that the "intentional or negligent information or representations by . . . Four Rivers and/or Black" caused economic harm to Dynalectric. In the briefing on this Motion to Dismiss, neither party has focused its attention on the claims included in Count I. But under the standards of notice pleading, the allegations in Count I have provided Black with fair notice of the claims against it. Thus the Court will consider whether Count I states a claim against Black upon which relief may be granted.

Black asserts that negligence claims must be dismissed because the Kentucky Supreme Court rejected similar claims in Presnell. Presnell was the controlling case on the claims of negligent design and negative administration, and is also the controlling case on claims of negligent information. While Black asserts that the Presnell Court dismissed claims similar to those alleged here, the Court dismissed only the claims of negligent supervision. Presnell, 134 S.W.3d at 582-83. The Presnell Court held that "privity is *not* necessary to maintain a tort action, and by adopting § 552, we agree that the tort of negligent representation defines an independent duty for which recovery in tort for economic loss is available." Id. at 582 (emphasis added). Presnell established that negligent representation is an actionable tort in Kentucky, adopting the 2d Restatement of Torts, § 552. Id.

The Complaint levied against Black alleges claims of negligent representation. Following the precedent established in Presnell, negligent representation is an independent tort claim for which relief may be granted. The claim may therefore proceed.

### C.  Leave to Amend

Dynalectric asserts that if the Court disagrees with its "contention," then the Court should grant leave to amend the Complaint.  Dynalectric's brief is less than clear as to what "contention" it believes could be further supported by an amended complaint.  Based on the issues of law presented here, a claim of negligent administration may not proceed as a matter of law based on the lack of contractual privity.  The tort action of negligent representation may proceed, thus satisfying Dynalectric's requests to allow a tort action to proceed.  Based on the issues of law presented here, the Court finds that leave to amend the complaint would be futile.  See Kottmyer v. Maas, 436 F.3d 684, 692 (6th Cir. 2006)("A district court may deny a plaintiff leave to amend his or her complaint, however, when the proposed amendment would be futile.").

## IV.  Conclusion

Based on the reasoning included above, Black's Motion to Dismiss is GRANTED in part and DENIED in part [DN 6].  It is hereby ordered that the claims alleged in Count I may proceed and those alleged in Count II are dismissed.

cc:  counsel of record