UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CASE NO. 5:06-CV-208-R

DYNALECTRIC COMPANY                                          PLAINTIFF

v.

WHITTENBERG CONSTRUCTION COMPANY,
LUTHER F. CARSON FOUR RIVERS CENTER, INC.,
and RAY BLACK & SON, INC.                                   DEFENDANTS

### Opinion and Order

This matter is before the court on a Motion for Summary Judgment by Defendant Ray

Black and Son, Inc. (Black) [DN 44].  Fully briefed, this matter is ripe for decision.

## I.  Facts

Black served as the construction manager during the construction of the Luther F.

Carson Four Rivers Center (Four Rivers), a performing arts center in Paducah, Kentucky.

Dynalectric performed electrical subcontracting services on the Four Rivers project.

Dynalectric has now levied claims against multiple defendants related to allegations that

Dynalectric has not been fully compensated for the work which it performed.

This Court earlier dismissed Dynalectric's claims against Black for negligent design

and administration, but allowed claims of negligent misrepresentation to proceed.  During

discovery on the claims, Black requested specific information from Dynalectric in an attempt

to determine the basis of Dynalectric's negligent misrepresentation claims.  Black now

submits that no material issues of fact related to the alleged negligent misrepresentation exist, and moves this Court for summary judgment on the claims.

## II. Legal Standard

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

### III. Negligent Misrepresentation

Kentucky adopted the tort of negligent misrepresentation in <u>Presnell Const. Managers,</u>

<u>Inc. v. EH Const., LLC.</u>, 134 S.W.3d 575, 581 (Ky. 2004). The relevant elements of negligent

misrepresentation are as follows:

> 1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
> (2) . . . [T]he liability stated in Subsection (1) is limited to loss suffered
> > (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
> > (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

<u>Id.</u> at 580, adopting <u>Restatement (Second) of Torts § 552</u>.

Black asserts there is no evidence that it ever supplied any false information, and

therefore, Dynalectric has failed to satisfy the first element of negligent misrepresentation.

While Dynalectric's response to Black's motion submits that Black did convey "flawed and

inaccurate" information, there are no specific facts alleged related to the actual falsity of Black's

statements. Likewise, in the affidavit of Richard Nollman, which was submitted in opposition to

Black's motion, there is no allegation that any of the statements made by Black were false.

In an attempt to avoid summary judgment, Dynalectric asserts that the claims should

remain because discovery has not been completed, and Dynalectric expects that discovery will

reveal more evidence relating to negligent misrepresentation claims. The Rules of Federal

Procedure provide for such a situation in <u>Fed. R. Civ. Pro. 56(f)</u>. Rule 56(f) indicates that when

a party opposing a motion has not yet obtained the facts to substantiate its position, it may file an affidavit explaining the need for further discovery and why the facts are unavailable. Dynalectric took no such action in this case, but noted in its brief that further discovery was necessary.  Dynalectric has not followed the procedural framework of Rule 56(f) to address a situation in which discovery is not complete.  See Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir. 2000), quoting Evans v. Technologies App.lications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996)("a reference to Rule 56(f) and to the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56(f) affidavit . . .  and the failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate").

## IV.  Conclusion

Based on the foregoing reasons, the Court concludes that Dynalectric has failed to present specific facts showing there are material issues of fact related to Dynalectric's claims of negligent misrepresentation.  Black's Motion for Summary Judgment is hereby GRANTED [DN 44].

cc: counsel of record