UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

CASE NO. 5:06-CV-208-R

**DYNALECTRIC COMPANY**                                                                    **PLAINTIFF**

v.

**WHITTENBERG CONSTRUCTION COMPANY,
LUTHER F. CARSON FOUR RIVERS CENTER, INC.,
and RAY BLACK & SON, INC.**                                                         **DEFENDANTS**

## Opinion and Order

This matter is before the Court upon a Motion for Partial Summary Judgment by Plaintiff Dynalectric Company [DN43]. Plaintiff did not file a reply in this matter, but the deadline for filing has long passed, and this matter is ripe for decision. Having reviewed the respective parties' arguments, Dynalectric's Motion is DENIED.

**I. Facts**

Plaintiff Dynalectric performed electrical subcontracting work in the construction of the Luther F. Carson Four Rivers Center (Four Rivers) in Paducah, Kentucky. Four Rivers is a performing arts center. The Luther F. Carson Four Rivers Center, Inc. (Carson Center) is a non-profit corporation that owns Four Rivers, and Defendant Whittenberg Construction Company was the general contractor for Four Rivers. The construction on Four Rivers occurred from 2002-2004.

Dynalectric alleges that it has completed work for which it has not been paid. Dynalectric submits that it is owed $165,667.70 for work it performed on Four Rivers.

During construction, Dynalectric was paid incremental payments for work performed, minus a standard retention of funds that was to be paid upon substantial completion of the project. Dynalectric states that the project is substantially complete and therefore under Kentucky law, all retained funds are now due. Defendants respond that the contract terms govern when the retention funds are to be paid.

## II.  Legal Standard

In order to grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The Rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e) (emphasis added). "The mere existence of a scintilla of evidence in support of the [non-moving party's]

position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

### III. Discussion

The basis of Dynalectric's argument is that substantial completion is the benchmark for the payment of retained funds. Dynalectric relies heavily upon Meador v. Robinson, 263 S.W.2d 118 (Ky. 1953) for the proposition that upon substantial completion, a builder is entitled to recovery of the contract price notwithstanding defective or incomplete work.

Meador is inapposite to the facts of this case, because the disputed issue in Meador was an oral contract. Id. at 118. Unlike Meador, where there was no written contract to reference, this Court can clearly reference the terms of the subcontract between Dynalectric and Whittenberg and the prime contract between Whittenberg and the Carson Center to determine when payments are due. The subcontract between Dynalectric and Whittenberg, executed in December, 2001, recognized that Dynalectric was "bound by the terms and conditions of the prime contract" executed between the Carson Center and Whittenberg.

The contract between Dynalectric and Whittenberg provides:

> Section 4. PAYMENT (a) . . . Upon complete performance of the Subcontract by the Subcontractor and final approval and acceptance of Subcontractor's work and materials by the Owner, the Contractor will make final payment to the Subcontractor of the balance due him under this Subcontract within 10 days after full payment of such work and materials has been received by the Contractor from the Owner, after any applicable lien period has expired without a lien being filed or at Contractor's option Subcontractor has submitted satisfactory lien release or waiver to Contractor . . . .

[DN 53, Att. 12, p. 2]. This provision makes clear that final payment is conditioned not only

3

upon Dynalectric's complete performance of its contract, but also upon final approval and acceptance of the work by the Carson Center.

The relevant provisions in the prime contract between Carson Center and Whittenberg state:

> Article 9.3.1. Payments shall be made to the Contractor upon certification of the Architect to the value of ninety percent (90%) of the work done and ninety percent (90%) of the value of the materials used or to be used in the work as estimated by the Architect, and the final ten percent (10%) shall be paid to the Contractor upon completion and acceptance of the entire work herein contracted for, and upon receipt of a release of lien from the Contractor covering all materials, tools, and equipment furnished and all labor performed under this contract.
>
> Article 9.8.5. The Certificate of Substantial Completion shall be submitted to the Owner and Contractor for their written acceptance . . . . Upon such acceptance . . . the Owner shall make payment of retainage applying to such Work or designated portion thereof. Such payment shall be adjusted for Work that is incomplete or not in accordance with the requirements of the Contract Documents.

[DN 53, Att. 10, p.8; DN 5, Att. 8, p.6]. Thus, the provisions of the two relevant contracts make it apparent that final payment is conditioned not only upon completion, but also upon approval of the owner and architect. Therefore, Dynalectric's argument that substantial completion triggers payment is misplaced, for the provisions of the relevant contracts control. See O'Bryan v. Massey-Ferguson, 413 S.W.2d 891, 893 (Ky. 1966)(in the absence of an ambiguity, a written instrument will be enforced strictly according to its terms).

Further issues of fact remain as well. Primarily, Dynalectric alleges that $165,677.70 is held in retention. Whittenberg submits that only $77,000 is held in retention, which reflects the balance between a contract and change orders with a total value of $3,354,198.00,

4

and the $3,277,198.00 paid to Dynalectric.

**IV. Conclusion**

Based on all the foregoing reasons, issues of fact remain precluding summary judgment. Dynalectric's Motion for Partial Summary Judgment is DENIED [DN 43].


cc: counsel of record